IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RUDY YBARRA,**

      **Plaintiff,**

vs.                                                  No. CIV 03-1130 RB/ACT

**CITY OF ALBUQUERQUE, MARTIN CHAVEZ, in his individual capacity as mayor of the City of Albuquerque, GIL GALLEGOS, in his individual capacity as chief of police of the City of Albuquerque Police Department, DON V. ROBERTS and S. LOPEZ, City of Albuquerque Police Officers,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Docs. 84 and 85), filed on September 1, 2004. Jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the submissions of the parties and the relevant law, I find that this motion should be denied.

**I.    Background.**

Plaintiff ("Ybarra") alleges that, on August 2, 2002, he was a passenger in a car driven by his friend when they stopped at an Albuquerque Police Department DWI roadblock. (Compl.) Ybarra's friend was arrested and the car was impounded. (*Id*.) Ybarra asked numerous officers to retrieve his friend's purse from the car because the purse contained a large amount of cash. (*Id*.) Defendant Officer Roberts allowed Ybarra to retrieve the purse. (*Id*.) As he was unzipping the purse to check on the cash, Defendant Officer Lopez struck Ybarra with a closed fist on the nose and the side of the face. (*Id*.) Ybarra suffered injury to his nose that required surgery. (Compl.) Ybarra

asserts that Defendants conspired to cover up the attack by falsely accusing Ybarra of battery on a police officer, which was dismissed before trial.  (*Id.*)

Ybarra alleges 42 U.S.C. § 1983 claims for excessive force (Count I); wrongful arrest and false imprisonment (Count II); prosecution without probable cause (Count III); state law claims for battery, false imprisonment, deprivation of property (Count IV); and supervisory and municipal liability (Count V).  Ybarra requests compensatory and punitive damages, as well as attorney fees and costs.  Ybarra has moved for summary judgment on Counts I and IV, arguing that Lopez used excessive force.

**II.     Facts.**

The following statement of facts is set forth in the light most favorable to Defendants, with all reasonable inferences from the record drawn in their favor.  *See Clanton v. Cooper*, 129 F.3d 1147, 1150 (10th Cir. 1997).  Defendant Officer Lopez observed Ybarra coming into the DWI investigation area and observed other officers tell him he needed to leave.  (Def. Ex. 2.)  Ybarra refused to leave.  (*Id.*)  Lopez saw Ybarra talking with Defendant Officer Roberts.  (*Id.*)  Officer Lopez returned to his car and was doing paper work with the door open so that he could hear what was going on.  (*Id.*)  Lopez heard fighting and screaming and got out of his car.  (*Id.*)  Officer Lopez observed Ybarra and Officer Roberts in a close proximity fight between two cars.  (*Id.*)

Ybarra was standing with his back to the interior of an open car door and facing Officer Roberts.  (Def. Ex. 2.)  Officer Lopez saw Ybarra strike Roberts.  (*Id.*)  Lopez ran over to stop the fight.  (*Id.*)  When Lopez reached the area, he was only able to see Ybarra's head.  (*Id.*)  Within seconds, Lopez determined that he could not use mace because it could affect Roberts.  (*Id.*).  Lopez

did not use an asp because the only place he could strike was Ybarra's head. (*Id*.)  Lopez was unable to perform an arm bar technique to stop the fight because he would have had to place himself in the middle of the fight. (*Id*.)  Officer Lopez determined that the only means available to stop the fight was to hit Ybarra in the face. (*Id*.)

**III.     Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**IV.    Discussion.**

Claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment. *Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Fourth Amendment standard requires inquiry into the factual circumstances of every case; relevant factors include the crime's severity, the potential threat posed by the suspect to the officer's and others' safety, and the suspect's attempts to resist or evade arrest. *Graham*, 490 U.S. at 396.

The reasonableness of the officer's actions must be assessed from the officer's vantage point at the scene of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 205 (2001). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. Similarly, the New Mexico courts have held that a police officer is entitled to use reasonable force to effect an arrest. *State v. Gonzales*, 97 N. M. 610, 613, 642 P.2d 210, 213 (Ct. App. 1982) (quoting *Mead v. O'Connor*, 66 N.M. 170, 171, 344 P.2d 478, 479 (1959) (officer privileged to use reasonable force)).

Construed in the light most favorable to Defendants, the record indicates that a reasonable officer would have believed that Ybarra posed a threat to officer safety and that Ybarra was resisting an officer. Lopez overheard Ybarra refusing to comply with officers' requests to leave the investigation area. Lopez heard screaming, looked up and saw Ybarra confronting Officer Roberts. When he ran over to assist Roberts, Lopez's view of Ybarra was partially obstructed by Roberts. In the few seconds available for reflection, Lopez determined that he could not use mace, an asp, or an arm bar technique to defuse the situation because such measures could endanger himself or Roberts.

A reasonable officer confronted with the same scenario could have acted as Lopez did. Ybarra has failed to satisfy his initial burden of establishing that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Docs. 84 and 85), filed on September 1, 2004, is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**