IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RUDY YBARRA,**

    **Plaintiff,**

vs.                                          **No. CIV 03-1130 RB/ACT**

**CITY OF ALBUQUERQUE, MARTIN
CHAVEZ, in his individual capacity as
mayor of the City of Albuquerque,
GIL GALLEGOS, in his individual
capacity as chief of police of the City
of Albuquerque Police Department,
DON V. ROBERTS and S. LOPEZ,
City of Albuquerque Police Officers,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Separate Trials (Doc. 88), filed on November 9, 2004. Having reviewed the submissions of the parties and the relevant law, I find that this motion should be granted.

Defendants move, pursuant to Federal Rule of Civil Procedure 42( b), to bifurcate the trial on the 42 U.S.C. §1983 and state tort claims against the individual police officers from the municipal and supervisory allegations against Defendants City of Albuquerque, Mayor Martin Chavez, and Police Chief Gil Gallegos ("City Defendants").

Bifurcation is appropriate when it is done "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." FED. R. CIV. P. 42(b). Bifurcation is appropriate when the litigation of one issue might obviate the need for litigation on another issue. *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2$^d$ Cir. 1999). Where the interests of judicial expedition and economy "favor separation of issues and the issues are clearly

separable," a motion for bifurcation should be granted. *Angelo v. Armstrong World Indus. Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

The claims against the City Defendants are derivative and thus dependent upon the outcome of the claims against the individual police officers. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995). Bifurcation of the trial also may avoid the unfair prejudice that could result if the broader range of evidence that may be admitted in support of the municipal and supervisory liability claims is considered at the same time as the more limited evidence to prove the claims against the individual officers. Plaintiff's request that the trial be trifurcated is not well taken. The jury may hear evidence and consider an award of damages against the City Defendants if the case proceeds to the municipal and supervisory liability claims.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Separate Trials (Doc. 88), filed on November 9, 2004, is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims in Counts I, II, III, and IV will be tried first, and then, if necessary, the trial will proceed before the same jury on Count V.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**